(August 4, 1923.)

CAROLINE L. MABEE, Respondent, v. PACIFIC MUTUAL LIFE INSURANCE COMPANY, Appellant.

[219 Pac. 602.]

ACCIDENT INSURANCE—INSURED NOT RESPONSIBLE FOR FATAL INJURY—
    INSTRUCTIONS—FALSE STATEMENT IN APPLICATION—KNOWLEDGE OF
    AGENT—KNOWLEDGE OF COMPANY—WAIVER.

APPEAL from the District Court of the Eighth Judicial District, for Bonner County. Hon. John M. Flynn, Judge.

Action to recover upon an accident insurance policy. Judgment for plaintiff. *Affirmed.*

Herman H. Taylor, for Appellant.

Wm. J. Costello, for Respondent.

FEATHERSTONE, District Judge.—This is a companion case to *Mabee v. Continental Casualty Co.,* ante, p. 667, 219 Pac. 598, it being an appeal from the district court in and for Bonner county, Idaho, from a judgment rendered by that court in the sum of $2,587.98 and costs on a directed verdict. Suit was brought by the respondent as beneficiary under an accident insurance policy issued by the appellant to Herbert M. Mabee, who was shot and killed on October 17, 1920, at Paradise, Montana.

In the policy of insurance, the defendant agreed to pay the beneficiary in said policy the principal sum with accumulations for loss of the assured's life as follows: "Against the effects of bodily injuries sustained during the term of this policy and caused solely by external, violent and accidental means." The policy was issued on June 15, 1918, and was in force October 17, 1920, the date of assured's death, by reason of a renewal certificate.

The policy, like the one in the companion case of *Mabee v. Continental Casualty Co.* provides in paragraph 17 of the provision that: "If the insured shall carry with another company, corporation, association or society, other insurance covering the same loss without giving written notice to the company, then in that case the company shall be liable only for such portion of the indemnity as said indemnity bears to the total amount of like indemnity of policies covering such loss and for the return part of the premium paid as shall exceed the *pro rata* of the indemnity thus determined."

The issues made up by the pleadings on the trial were as follows: First, that the insured did not lose his life through injuries sustained and caused solely by external, violent and

accidental means; second, that the insured, at the time he received the injury which resulted in his death, was carrying with the Continental Casualty Company an accident policy covering the same loss without giving notice to the defendant and therefore, in any event, the defendant was liable only for the *pro rata* amount as provided in paragraph 17 of the standard provisions.

As the accident set up on the case of *Mabee v. Continental Casualty Co.* was the same as set up in this case, and as the evidence in this case shows, as it did in the other case, that the agent of the company—who in this case was one Lovell— was advised in May of 1920 that the assured was carrying another policy covering the same loss with the Continental Casualty Company, practically the only difference between the two cases is in the policies, one having a provision to the effect that if the accident or injury occurred while the assured was under the influence of liquor the company would not be responsible, which provision is not contained in the policy in this case.

At the close of plaintiff's testimony, the defendant moved for a directed verdict, which motion was by the court denied and the court thereupon instructed the jury to return a verdict for the plaintiff in the sum of $2,400, with interest at the rate of seven per cent per annum to the 8th of February, 1921, which was done, and the judgment was entered on said verdict.

All the points raised in this case having been decided in the case of *Mabee v. Continental Casualty Co., ante,* p. 667, 219 Pac. 598, the judgment is affirmed, with costs to respondent.

McCarthy, Dunn, William A. Lee and Wm. E. Lee, JJ., concur.